JUDGE WOOD

12 CIV 0193

Stephen F. Roth
Orville R. Cockings
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866

*Attorneys for Plaintiffs Empress, Inc. and
Empress Hair Care Products, Ltd.*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMPRESS, INC. and EMPRESS HAIR CARE PRODUCTS, LTD., | : <br> : <br> : |
| Plaintiffs, | Civil Action No. <br> : <br> : |
| v. | : <br> : |
| SEAN JOHN FRAGRANCES, DIST., CHRISTIAN CASEY LLC, M.A.C. COSMETICS INC. and ESTEE LAUDER COMPANIES INC., | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> x |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Empress, Inc. a Delaware corporation with a principle place of business

at 8828 N. Stemmons Freeway #118, Dallas, TX 75247 and Empress Hair Care Products,

Ltd. with a principle place of business at 8828 N. Stemmons Freeway #118, Dallas, TX

75247 (collectively "Empress"), allege the following for their complaint against

defendants Sean John Fragrances, Dist., a company with offices at 1710 Broadway

Avenue, New York, New York 10019, Christian Casey LLC, a corporation with offices

at 1710 Broadway Avenue, New York, New York 10019, M.A.C. Cosmetics Inc., a corporation with an office at 130 Prince Street, New York, New York 10012 and Estee Lauder Companies Inc., a corporation with offices at 767 Fifth Avenue, New York, New York 10153 (collectively "Defendants"):

### NATURE OF THE SUIT

This is an action for trademark infringement arising from Defendants' improper use of the federally registered EMPRESS trademark, and its associated goodwill, by marketing and selling perfume and lotion (Body Crème) under the name EMPRESS SEAN JOHN. Defendants' unauthorized use of the EMPRESS mark has irreparably harmed the goodwill and reputation of Empress and caused Empress significant and irreparable damage and monetary harm from which it requests this Court provide relief.

### JURISDICTION AND VENUE

1.      This is an action between citizens of different states in which, *inter alia*, Empress seeks pecuniary and injunctive relief from the various acts of the Defendants arising under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et. seq.*, and related state claims for unfair competition arising under the laws of New York.

2.      The claims alleged in this complaint arise in the District of New York and elsewhere.

3.      This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with the substantially related claims herein under the Trademark Laws of the United States.

4.    This Court has original jurisdiction over all of the claims in this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.    This Court has supplemental jurisdiction over the state law claims of this Complaint pursuant to 28 U.S.C. § 1367(a).

6.    Defendants are actively engaged in promoting or offering its EMPRESS SEAN JOHN perfume and lotion for sale and/or doing business within this judicial district, and otherwise have sufficient contacts with this district to confer jurisdiction on this Court.

7.    Defendants are subject to personal jurisdiction in the Southern District of New York.

8.    At least a substantial portion of the claims alleged in this Complaint arise in the State of New York and the Southern District of New York.

9.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this Complaint occurred in this judicial district.

## PARTIES

10.    Plaintiff Empress is a corporation with an office at 8828 N. Stemmons Freeway #118, Dallas, TX 75247.

11.    Plaintiff Empress Hair Care Products, Ltd. is a limited partnership with a principle place of business at 8828 N. Stemmons Freeway #118, Dallas, TX 75247.

12.    Defendant Sean John Fragrances, Dist., upon information and belief, is a company with offices at 1710 Broadway Avenue, New York, New York 10019

13.    Defendant Christian Casey LLC is a corporation with offices at 1710 Broadway Avenue, New York, New York 10019.

14.    Defendant M.A.C. Cosmetics Inc. is a corporation with an office at 130 Prince Street, New York, New York 10012.

15.    Defendant Estee Lauder Companies Inc., is a corporation with offices at 767 Fifth Avenue, New York, New York 10153.

## BACKGROUND

### History of Empress, Inc.

16.    Colberts Inc. ("Colberts") is a third generation family owned and operated business that was founded by Harry Greenberg in 1948.  His son Jack Greenberg worked for Colberts Inc. and today his sons, David and Mark Greenberg, manage the company.

17.    Colberts began as a retail business in 1948 in Dallas, Texas and eventually grew into a small local chain that prided itself on service and selection.

18.    Colbert's management founded the Empress Hair care division (hereinafter "Empress") in 2002 as a way to expand the company.

19.    A renowned chemist was hired to develop a line of high quality hair care products that would serve the needs of hair care consumers.

20.    Empress is committed to selling the highest quality hair care products, including Hair Growth Solution, Nurturing Shampoos & Conditioners, Scalp

Moisturizers, Hair Strengthening Creams, Relaxers and Thickening Hair products (collectively "The Empress Line").

21.     Empress has become a world recognized company that offers hair care products and delivers salon-quality results with at home convenience.

22.     Each year Empress spends a considerable amount of time, money and resources marketing and advertising The Empress Line to cultivate the extensive goodwill it has developed with its customers.

23.     Today, The Empress Line can be found in over 6000 stores nationwide and is also available in markets outside the United States.

### Empress' Federally Registered Mark

24.     The mark, EMPRESS, is registered as U.S. Trademark Registration No. 2,727,893, covering hair care products, in International Class 3.   (A copy of the registration certificate is attached as Exhibit A.)

25.     Empress Hair Care Products, Ltd. is the owner, by assignment, and has all rights to enforce U.S. Trademark Registration No. 2,727,893, for the EMPRESS mark.

26.     Empress Hair Care Products, Ltd. is the owner, by assignment, and has all rights to enforce Canadian Trademark Registration No. TMA635527.

27.     Empress Hair Care Products, Ltd. is the owner, and has all rights to enforce, European Registered Application No. 002820983.

28.     Over the years of its use, Empress has used its EMPRESS mark to refer to its goods and prominently displays the valuable EMPRESS trademark in its advertising

and on product packaging for The Empress Line in bold type, block letter font, for example, as follows:







29.     The EMPRESS mark has become well known and has established substantial goodwill through its widespread use in connection with The Empress Line.

30.     The EMPRESS mark is in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065, establishing that Empress has the sole and exclusive right to use the EMPRESS mark in connection with hair care products, such as The Empress Line, for which the mark is registered.

31.     The Defendants have no association, affiliation, sponsorship, or any other connection to Empress.

### The Defendants' Wrongful Conduct

32.     Upon information and belief, one or more of the Defendants created the idea to market and sell a fragrance and lotion for women, to be named "Empress."

33.     Upon information and belief, on or around January 2010, one or more of the Defendants conducted a trademark search for the mark EMPRESS.

34.     Upon information and belief, one or more of the Defendants learned of the EMPRESS mark in U.S. Trademark Registration No. 2,727,893, owned by Empress, through the search.

35.     Upon information and belief, even though Defendants knew about the EMPRESS mark, on January 8, 2010, 1156662 Fragrances, Inc., on behalf of one or more of the Defendants, filed an application for the mark EMPRESS (Serial No. 77/907,894), in International Class 3 with the goods listed as:  Cologne; Eau de toilette; Fragrances for personal use; Perfumery; Scented body lotions and creams; Scented body spray.

36.     On or about February 5, 2010, a trademark attorney acting on behalf of one or more of the Defendants contacted Empress, owner of the EMPRESS mark in U.S. Registration No. 2,727,893 to inquire about the possibilities of Defendants using the trademark, offering to pay Empress for such right.

37.     Empress communicated that it was not interested in a coexistence agreement.

38.     Even though Empress would not give Defendants the right to use the EMPRESS trademark, on or about February 12, 2010, one or more of the Defendants filed a second trademark application for the mark EMPRESS SEAN JOHN (Serial No. 77/935,179) in International Class 3 with the goods listed as:  Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

39.     In connection with the EMPRESS application (Serial No. 77/907,894), on or about March 21, 2010, the Trademark Office mailed a first Office Action and the Examiner refused registration because of a likelihood of confusion with the mark in U.S.

Registration No. 2,727,893 for EMPRESS, which is owned by Empress. (A copy of the Office Action is contained in Exhibit B.)

40. In connection with the EMPRESS SEAN JOHN application (Serial No. 77/935,179), on or about May 14, 2010, the Trademark Office mailed a first Office Action, and a different Examiner refused registration because of a likelihood of confusion with the mark in U.S. Registration No. 2,727,893 for EMPRESS, which is owned by Empress. (A copy of the Office Action is contained in Exhibit C.)

41. Upon information and belief, one or more of the Defendants allowed the EMPRESS mark (Serial No. 77/907,894) to become abandoned on or about September 22, 2010, because Empress would not enter into a coexistence agreement.

42. In response to the refusal of the application for EMPRESS SEAN JOHN (Serial No. 77/935,179), instead of allowing the application to also become abandoned, Defendants attempted to argue with the Examiner that no confusion would occur.

43. However, after the Examining Attorney considered Defendants' arguments, the Examining Attorney maintained the refusal with respect to the likelihood of confusion with U.S. Registration No. 2,727,893 for EMPRESS, thus rejecting the Defendants' application to use the mark for a second time.

44. For other reasons unrelated to Empress, a Notice of Suspension was issued pending the disposition of Application No. 77/725,216. (A copy of the Notice of Suspension, which includes the Examiner's refusal based on likelihood of confusion, is contained in Exhibit D.)

45.   On or about July 18, 2011, the Trademark Office lifted the suspension and mailed a second Office Action, which again refused registration of EMPRESS SEAN JOHN because of a likelihood of confusion with the mark in U.S. Registration No. 2,727,893 for EMPRESS, thus rejecting Defendants' trademark application for the third time. (A copy of the Office Action is contained in Exhibit E.)

46.   On or around August 2011, after essentially striking out at the United States Trademark Office by its having rejected Defendants' application three times, and despite Empress' refusal to give Defendants permission to use the mark, Defendants launched a perfume and lotion under the name EMPRESS SEAN JOHN.

47.   The EMPRESS SEAN JOHN perfume and lotion was and is currently marketed to the same target consumer as The Empress Line.

48.   The Defendant's adopted and continue to use the mark EMPRESS in bold type, block letter font as pictured below, further increasing the likelihood of confusion.

 

49.    A comparison of the EMPRESS SEAN JOHN mark with the EMPRESS mark demonstrates the similarity between the marks because Defendants' mark merely adds its house mark to the Registered EMPRESS mark and uses the same or similar bold type, block letter font.

50.    A comparison showing the similarity of the EMPRESS mark is shown below.



51.    Upon information and belief, the Defendants knowingly and willfully created confusion and damage to Empress' goodwill and reputation.

52.    Not surprisingly, due to the confusing similarity of the marks, Empress received inquiries from customers about the EMPRESS SEAN JOHN perfume who were confused and surprised as to who was selling the products under the EMPRESS trademark.

53.    Such actual confusion and consternation among the relevant public has damaged, and unless restrained, will continue to damage Empress' goodwill and hard-earned reputation.

54.    Defendants' unauthorized use of the EMPRESS mark in promotion and sale of the EMPRESS SEAN JOHN perfume and lotion has caused Empress financial harm.

55.     Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which it is not entitled and has caused EMPRESS to lose sales, and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF

### (Infringement Of Federally Registered Mark Pursuant To 15 U.S.C. § 1114(1))

56.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

57.     The EMPRESS mark is Registered in U.S. Registration No. 2,727,893 and Empress has all rights to enforce the EMPRESS mark.

58.     Subsequent to Empress' adoption, use and registration of its EMPRESS mark, Defendants used EMPRESS SEAN JOHN for identical or similar goods, which is likely to confuse customers as to the origin, source, sponsorship or approval of its goods.

59.     Defendants have continued to use the confusingly similar mark in commerce in connection with offering goods to consumers that are identical or similar to the goods offered by Empress, and in geographic areas where Empress advertises and offers it goods.

60.     Defendants knowingly and willfully used a confusingly similar mark to confuse consumers as to the origin, source, sponsorship or approval of its goods.

61.     Defendants adopted and used a mark that was and is confusingly similar to the EMPRESS mark with knowledge of Empress' rightful ownership of the EMPRESS mark and with knowledge of the renown and goodwill of the EMPRESS mark.

62.     Defendants' unauthorized use of the mark that is confusingly similar to the EMPRESS mark has caused and is likely to continue to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's goods.

63.     Defendant's unauthorized use of the mark that is confusingly similar to the EMPRESS mark has deceived and is likely to continue to deceive consumers that Defendant's goods originate with Empress, are licensed by Empress, or are sponsored by, connected with or otherwise related to Empress.

64.     Defendants continue to use the mark that is confusingly similar to the EMPRESS mark despite its having actual notice that such use violates Empress' rights.

65.     Defendants' acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

66.     The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Empress.

67.     The aforesaid conduct of the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

68.     Empress has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Under Federal Law Pursuant To 15 U.S.C. § 1125(a))

69.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

70.    On information and belief, Defendants sold and continues to sell perfume and lotion using a mark that is confusingly similar to the EMPRESS mark and which Defendants knew and have known include the federally registered mark of Empress.

71.    Defendants' use of the mark that is confusingly similar to the EMPRESS mark in connection with offering its goods constitutes a false designation of origin and false description or representation which tends to falsely describe and represent its goods as originating from Empress or are in some way sponsored, authorized or approved by Empress.

72.    Defendants' false designation of origin and false misrepresentation constitutes acts of unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

73.    The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Empress.

74.    The aforesaid conduct of the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

75.    Empress has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

76.    Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

77.    The aforesaid acts of Defendants in using a mark that is confusingly similar to the EMPRESS mark, constitute unfair competition in that Defendant misappropriated Empress' goodwill and the benefit of Empress' expenditures.

78.    The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard its legal obligations to Empress.

79.    The aforesaid conduct of the Defendants has caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

80.    Empress has no adequate remedy at law.

### FOURTH COUNT

### (Unfair Competition Under New York State Law)

81.    Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein

82.    By using a mark that is confusingly similar to the EMPRESS mark in connection with the offering of its EMPRESS SEAN JOHN perfume and lotion constitutes unfair competition under New York State law and arises under New York General Business Law § 349.

83.    The Defendants' aforesaid activities constitute deceptive acts or practices in the conduct of business, trade, or commerce or in the furnishing of services in the State of New York in violation of New York General Business Law § 349.

84.    The Defendants' aforesaid conduct is unlawful and constitutes unfair competition in that they are likely to mislead the trade and public into believing that

goods sold under EMPRESS SEAN JOHN originate from Empress or are in some way sponsored, authorized or approved by EMPRESS, thereby injuring Empress' reputation and goodwill.

85.   The Defendants' acts of unfair competition have caused Empress to sustain monetary damage, loss, and injury.

86.   The Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Empress to sustain irreparable damage, loss, and injury.

87.   Empress has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, for:

A.   A suspension of Trademark Application No. 77/935,179 for the mark EMPRESS SEAN JOHN pending the disposition of this proceeding;

B.   A preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, from:

> 1. Using, reproducing, advertising or promoting marks that are confusingly similar to the EMPRESS mark or which are a colorable imitation of the EMPRESS mark in connection with the offer or sale of any goods or commercial activities;

> 2. Using, reproducing, advertising or promoting any mark or name which may be calculated to represent or which has the effect of representing that the products or services of Defendants or any other

person are sponsored by, authorized by or are in some way associated with Empress;

3. Using, reproducing, advertising or promoting, in connection with any product or service, any name or mark that is confusingly similar to the EMPRESS mark;

4. Injuring the commercial reputation, renown and goodwill of Empress or the EMPRESS mark;

5. Using or reproducing any word, term, name, symbol or device, or any combination thereof, on any product, that confuses or falsely represents or misleads, is calculated to confuse, falsely represent or mislead, or which has the effect of confusing, falsely representing or misleading, that the products of defendant or another are in some way connected with Empress, or is sponsored, approved or licensed by Empress;

6. Otherwise unfairly competing with Empress;

C.     An order pursuant to 15 U.S.C. § 1118, requiring that Defendants deliver for destruction or disposal any and all materials which feature or use marks that are confusingly similar to the EMPRESS mark, in any way;

D.     An award of damages to Empress, pursuant to 15 U.S.C. § 1117(a), of up to three times the damages suffered by Empress, and three times the profits earned by the Defendants;

E.      An accounting by Defendants to Empress for all profits realized in connection with its infringing activities and an award in such amount to Empress;

F.      Disgorgement of all proceeds and restitution of all monies wrongfully received and held by Defendants;

G.      An award to Empress of compensatory, consequential and incidental damages;

H.      An award of enhanced, increased, exemplary, punitive and/or treble damages;

I.      An award to Empress of its reasonable attorneys' fees and the costs of this action;

J.      Prejudgment and postjudgment interest on the above monetary awards; and

K.      Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury of twelve on all issues so triable.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Empress, Inc. and
Empress Hair Care Products, Ltd.*

Dated: Jan. 10, 2012

By: _____

Orville R. Cockings
Tel:   908.654.5000
Fax:   908.654.7866
E-mail:  ocockings@ldlkm.com
                  litigation@ldlkm.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, plaintiffs Empress, Inc. and Empress Hair Care Products, Ltd. are not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Empress, Inc. and Empress Hair Care Products, Ltd.*

Dated: *Jan. 10, 2012*

By: _____
  Orville R. Cockings
  Tel:    908.654.5000
  E-mail:  ocockings@ldlkm.com
      litigation@ldlkm.com