# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,727,893

Registered June 17, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## EMPRESS

COLBERTS, INC. (TEXAS CORPORATION)
1295 MAJESTY DRIVE
DALLAS, TX 75247

FOR: HAIR CARE PREPARATIONS, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-10-2002; IN COMMERCE 1-10-2002.

SN 76-278,638, FILED 6-29-2001.

JENNIFER CHICOSKI, EXAMINING ATTORNEY

# EXHIBIT B

**To:**          1156662 Fragrances, Inc. (annajakobsson@mac.com)

**Subject:**     U.S. TRADEMARK APPLICATION NO. 77907894 - EMPRESS - N/A

**Sent:**        3/21/2010 1:29:01 PM

**Sent As:**     ECOM111@USPTO.GOV

**Attachments:** Attachment - 1
                 Attachment - 2
                 Attachment - 3
                 Attachment - 4

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/907894

**MARK:** EMPRESS

**CORRESPONDENT ADDRESS:**
  ANNA JAKOBSSON
  PO BOX 7792
  NEW YORK, NY 10150-7792

# *77907894*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**     1156662 Fragrances, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
  N/A
**CORRESPONDENT E-MAIL ADDRESS:**
  annajakobsson@mac.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 3/21/2010**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address.

37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. Responding by telephone to authorize an examiner's amendment will not incur this additional fee.

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62, 2.65(a); TMEP §§711, 718.03.

Prior Pending Application

Information regarding pending Application Serial No. 77725216 is enclosed. The filing date of the referenced application precedes applicant's filing date. There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d). If the referenced application registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed application.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

Registration Refused-Likelihood of Confusion

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2727893 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP section 1207. See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. The marks are compared for similarities in their appearance, sound, connotation and commercial impression. TMEP §§1207.01, 1207.01(b). The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

The applicant applied to register EMPRESS for "Cologne; Eau de toilette; Fragrances for personal use; Perfumery; Scented body lotions and creams; Scented body spray."

The registered mark is EMPRESS for "hair care preparations."

The marks are identical in sound, appearance, and meaning because both marks are comprised of the same wording: EMPRESS.

Both marks are used to identify personal body care/cosmetics products. The same consumers will be exposed to the goods/services identified with both marks because both are similar, and likely to travel through the same channels of trade to the same classes of purchasers. For example, both would likely be

sold at spa/salon specialty stores or similar sections of pharmacies.

The similarities among the marks and the goods/services of the parties are so great as to create a likelihood of confusion. The examining attorney must resolve any doubt as to the issue or likelihood of confusion in favor of the registrant and against the applicant who has a legal duty to select a mark which is totally dissimilar to trademarks already being used. *Burroughs Wellcome Co. v. Warner-Lamber Co.,* 203 USPQ 191 (TTAB 1979).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

/James Ringle/
Trademark Attorney
Law Office 111
571-272-9393
jim.ringle@uspto.gov

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

# EXHIBIT C

| | |
|---|---|
| **To:** | Christian Casey LLC (uspto@estee.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| **Sent:** | 5/14/2010 11:33:14 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | Attachment - 1 |

Attachment - 1
Attachment - 2
Attachment - 3
Attachment - 4
Attachment - 5
Attachment - 6
Attachment - 7
Attachment - 8
Attachment - 9
Attachment - 10
Attachment - 11
Attachment - 12
Attachment - 13
Attachment - 14
Attachment - 15
Attachment - 16
Attachment - 17
Attachment - 18
Attachment - 19
Attachment - 20
Attachment - 21
Attachment - 22
Attachment - 23
Attachment - 24
Attachment - 25
Attachment - 26
Attachment - 27
Attachment - 28
Attachment - 29
Attachment - 30
Attachment - 31
Attachment - 32
Attachment - 33
Attachment - 34

Attachment - 35

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/935179

**MARK:** EMPRESS SEAN JOHN

**CORRESPONDENT ADDRESS:**
    LESLEY A MORADIAN
    THE ESTEE LAUDER COMPANIES INC.
    767 5TH AVE FL 36
    NEW YORK, NY 10153-0003

# *77935179*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    Christian Casey LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    N/A
**CORRESPONDENT E-MAIL ADDRESS:**
    uspto@estee.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 5/14/2010**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SEARCH OF OFFICE'S DATABASE OF MARKS

### SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant.  *See* 15 U.S.C. §1052(d).  The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d).  *See* TMEP

§1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant:  similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.* , 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Rest. Enters., Inc.*, 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 *et seq.*

## COMPARISON OF MARKS

The applicant's mark, EMPRESS SEAN JOHN, is highly similar to the registered mark, EMPRESS. The applicant merely adds it mark to the applicants mark.

The mere addition of a term to a registered mark generally does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Trademark Act Section 2(d).  *See In re Chatam Int'l Inc.* , 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) (GASPAR'S ALE and JOSE GASPAR GOLD); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) (BENGAL and BENGAL LANCER); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) (THE LILLY and LILLI ANN); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002 (TTAB 1988) (MACHO and MACHO COMBOS); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re U.S. Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (CAREER IMAGE and CREST CAREER IMAGES); *In re Riddle*, 225 USPQ 630 (TTAB 1985) (ACCUTUNE and RICHARD PETTY'S ACCU TUNE);  *In re Cosvetic Labs., Inc.*, 202 USPQ 842 (TTAB 1979) (HEAD START and HEAD START COSVETIC); TMEP §1207.01(b)(iii).

Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark.  *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Mattel Inc. v. Funline Merch. Co.*, 81 USPQ2d 1372, 1374-75 (TTAB 2006); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods and/or services they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison.  The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.3d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980).  The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion.  *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i).  Rather, it is sufficient that the goods and/or services are related in

some manner and/or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.,* 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.,* 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.* , 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

The applicant's goods are: Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

The registrant's goods are: hair care preparations.

Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely hair care preparations and perfumery and fragrances, are of a kind that may emanate from a single source. *In re Infinity Broad. Corp. of Dallas,* 60 USPQ2d 1214, 1217-18 (TTAB 2001); *In re Albert Trostel & Sons Co.,* 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.,* 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.,* 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.,* 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.,* 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1025 (Fed. Cir. 1988).

Since the marks are so similar and the goods are nearly identical, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source. Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## PRIOR PENDING APPLICATIONS

The filing dates of pending Application Serial Nos. 77725216, 77907894 precede applicant's filing date. See attached referenced applications. If one or more of the marks in the referenced applications register, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced applications.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the marks in the referenced applications. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this

issue later if a refusal under Section 2(d) issues.

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. Responding by telephone to authorize an examiner's amendment will not incur this additional fee.

If applicant has questions about the application or this Office action, please contact the assigned trademark examining attorney at the telephone number below.

/ScottBibb/
Scott K. Bibb
Trademark Examining Attorney
Law Office 109
Ph- (571) 272-5669
F-  (571) 273-9109

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

# EXHIBIT D

| To: | Christian Casey LLC (uspto@estee.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| **Sent:** | 12/14/2010 9:54:35 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

APPLICATION SERIAL NO.   77935179

MARK: EMPRESS SEAN JOHN

# *77935179*

CORRESPONDENT ADDRESS:
LESLEY A MORADIAN
THE ESTEE LAUDER COMPANIES INC.
767 5TH AVE FL 36
NEW YORK, NY 10153-0003

GENERAL TRADEMARK INFORMATION:
http://www.uspto.gov/main/trademarks.htm

APPLICANT:   Christian Casey LLC

CORRESPONDENT'S REFERENCE/DOCKET NO:
N/A
CORRESPONDENT E-MAIL ADDRESS:
uspto@estee.com

## NOTICE OF SUSPENSION

ISSUE/MAILING DATE: 12/14/2010

Application Serial No. 77907894 has abandoned and is no longer a bar to registration.

**SUSPENSION PROCEDURE:** This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. However, if you wish to respond to this notice, you should use the "Response to Letter of Suspension" form found at http://teasroa.uspto.gov/rsi/rsi. The Office will conduct periodic status checks to determine if suspension remains appropriate.

Action on this application is suspended pending the disposition of:

- Application Serial No(s). **77725216**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **was sent previously.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

The following refusal(s)/requirement(s) is/are continued and maintained:

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the previously enclosed registration

/ScottBibb/
Scott K. Bibb
Trademark Examining Attorney
Law Office 109
Ph- (571) 272-5669
F- (571) 273-9109

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

| | |
|---|---|
| **To:** | Christian Casey LLC (uspto@estee.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| **Sent:** | 12/14/2010 9:54:37 AM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE REGARDING YOUR
# U.S. TRADEMARK APPLICATION

## USPTO LETTER (AN OFFICE ACTION) HAS ISSUED ON 12/14/2010 FOR SERIAL NO. 77935179

Please follow the instructions below:

**TO READ OFFICE LETTER:** Click on this <u>link</u> **or** go to **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to <u>access</u> the Office letter

**PLEASE NOTE:** The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**HELP:** For *technical* assistance in accessing the Office correspondence, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office letter.

# EXHIBIT E

**To:**           Christian Casey LLC (uspto@estee.com)

**Subject:**      U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A

**Sent:**         7/18/2011 7:40:41 AM

**Sent As:**      ECOM109@USPTO.GOV

**Attachments:**  Attachment - 1
Attachment - 2
Attachment - 3
Attachment - 4
Attachment - 5
Attachment - 6
Attachment - 7
Attachment - 8
Attachment - 9
Attachment - 10
Attachment - 11
Attachment - 12
Attachment - 13
Attachment - 14
Attachment - 15
Attachment - 16
Attachment - 17
Attachment - 18
Attachment - 19
Attachment - 20
Attachment - 21
Attachment - 22
Attachment - 23
Attachment - 24
Attachment - 25
Attachment - 26
Attachment - 27
Attachment - 28
Attachment - 29
Attachment - 30
Attachment - 31
Attachment - 32
Attachment - 33
Attachment - 34

<u>Attachment - 35</u>
<u>Attachment - 36</u>
<u>Attachment - 37</u>
<u>Attachment - 38</u>
<u>Attachment - 39</u>
<u>Attachment - 40</u>
<u>Attachment - 41</u>

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**APPLICATION SERIAL NO.**    77935179

**MARK:** EMPRESS SEAN JOHN

**CORRESPONDENT ADDRESS:**
    LESLEY A MORADIAN
    THE ESTEE LAUDER COMPANIES INC.
    767 5TH AVE FL 36
    NEW YORK, NY 10153-0003

**APPLICANT:**    Christian Casey LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    N/A
**CORRESPONDENT E-MAIL ADDRESS:**
    uspto@estee.com

# *77935179*

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

## OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE BELOW.**

**ISSUE/MAILING DATE: 7/18/2011**

**TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:** Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. *See* 37 C.F.R. §2.23(a)(1). For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. In appropriate situations and where

all issues can be resolved by amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. See 37 C.F.R. §2.191; TMEP §§709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. See TMEP §§705.02, 709.06.

On 12/14/2010, action on this application was suspended pending the disposition of Application Serial No. 76278638. The referenced prior-pending application has since registered. Therefore, registration is refused as follows.

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SEARCH OF OFFICE'S DATABASE OF MARKS

### SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant. See 15 U.S.C. §1052(d). The court in In re E. I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d). See TMEP §1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. In re Majestic Distilling Co., 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); see In re E. I. du Pont, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. See In re Opus One, Inc., 60 USPQ2d 1812 (TTAB 2001); In re Dakin's Miniatures Inc., 59 USPQ2d 1593 (TTAB 1999); In re Azteca Rest. Enters., Inc., 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 et seq.

## COMPARISON OF MARKS

The applicant's mark, EMPRESS SEAN JOHN is highly similar to the registered mark, EMPRESS. The applicant merely adds its house mark to the registrant's mark.

When marks are otherwise virtually the same, the addition of a house mark is more likely to add to the likelihood of confusion than to distinguish the marks; it is likely that the two products sold under such marks would be attributed to the same source. In re Dennison Mfg. Co., 229 USPQ 141, 144 (TTAB

1986) (holding GLUE STIC for general purpose adhesive in stick form likely to be confused with UHU GLU STIC for adhesives for paper and stationery); *Key West Fragrance & Cosmetic Factory, Inc. v. Mennen Co.*, 216 USPQ 168, 170 (TTAB 1982) (holding SKIN SAVERS for face and throat lotion likely to be confused with MENNEN SKIN SAVER for hand and body lotion); *see Hammermill Paper Co. v. Gulf States Paper Corp.*, 337 F.2d 662, 663, 143 USPQ 237, 238 (C.C.P.A. 1964) (holding HAMMERMILL E-Z CARRY PAK and E-Z PAPER PAK for carrying cases or boxes for typewriter or duplicator paper likely to be confused with E-Z PAK and E-Z CARI for paper bags); TMEP §1207.01(b)(iii).

Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Mattel Inc. v. Funline Merch. Co.*, 81 USPQ2d 1372, 1374-75 (TTAB 2006); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods and/or services they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.3d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, it is sufficient that the goods and/or services are related in some manner and/or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

The applicant's goods are: Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

The registrant's goods are: hair care preparations.

The trademark examining attorney has attached evidence from the USPTO's X-Search database consisting of a number of third-party marks registered for use in connection with the same or similar goods and/or services as those of both applicant and registrant in this case. This evidence shows that the goods and/or services listed therein, namely hair care preparations and (Cologne; Eau de toilette; Fragrances for personal use; Perfumery), are of a kind that may emanate from a single source under a single mark. *See In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1203 (TTAB 2009); *In re Albert Trostel*

*& Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

Since the marks are so similar and the goods are identical, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source. Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

The following refusal(s)/requirement(s) is/are continued and maintained:

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the previously enclosed registration.

/ScottBibb/
Scott K. Bibb
Trademark Examining Attorney
Law Office 109
Ph- (571) 272-5669
F-  (571) 273-9109
scott.bibb@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-

9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.