Stephen F. Roth
Orville R. Cockings
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax: 908.654.7866



*Attorneys for Plaintiffs Empress, Inc. and*
*Empress Hair Care Products, Ltd.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

EMPRESS, INC. and EMPRESS HAIR
CARE PRODUCTS, LTD.,

                 Plaintiffs,

    v.

SEAN JOHN FRAGRANCES, DIST.,
CHRISTIAN CASEY LLC, M.A.C.
COSMETICS INC. and ESTEE LAUDER
COMPANIES INC.,

                 Defendants.

                :
                :
                :   Civil Action No. 12-cv-0193-KMW
                :
                :   District Judge Kimba M. Wood
                :   Magistrate Judge Debra C. Freeman
                :
                :
                :
                :
                :
                x

### **FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiffs Empress, Inc. a Delaware corporation with a principle place of business

at 8828 N. Stemmons Freeway #118, Dallas, TX 75247 and Empress Hair Care Products,

Ltd. with a principle place of business at 8828 N. Stemmons Freeway #118, Dallas, TX

75247 (collectively "Empress"), allege the following for their complaint against

defendants Sean John Fragrances, Dist., a company with offices at 1710 Broadway

Avenue, New York, New York 10019, Christian Casey LLC, a corporation with offices

at 1710 Broadway Avenue, New York, New York 10019, M.A.C. Cosmetics Inc., a corporation with an office at 130 Prince Street, New York, New York 10012 and Estee Lauder Companies Inc., a corporation with offices at 767 Fifth Avenue, New York, New York 10153 (collectively "Defendants"):

## NATURE OF THE SUIT

This is an action for trademark infringement arising from Defendants' improper use of the federally registered EMPRESS trademark, and its associated goodwill, by marketing and selling perfume and lotion (Body Crème) under the name EMPRESS SEAN JOHN. Defendants' unauthorized use of the EMPRESS mark has irreparably harmed the goodwill and reputation of Empress and caused Empress significant and irreparable damage and monetary harm from which it requests this Court provide relief.

## JURISDICTION AND VENUE

1.     This is an action between citizens of different states in which, *inter alia*, Empress seeks pecuniary and injunctive relief from the various acts of the Defendants arising under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et. seq.*, and related state claims for unfair competition arising under the laws of New York.

2.     The claims alleged in this complaint arise in the District of New York and elsewhere.

3.     This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with the substantially related claims herein under the Trademark Laws of the United States.

4.      This Court has original jurisdiction over all of the claims in this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      This Court has supplemental jurisdiction over the state law claims of this Complaint pursuant to 28 U.S.C. § 1367(a).

6.      Defendants are actively engaged in promoting or offering its EMPRESS SEAN JOHN perfume and lotion for sale and/or doing business within this judicial district, and otherwise have sufficient contacts with this district to confer jurisdiction on this Court.

7.      Defendants are subject to personal jurisdiction in the Southern District of New York.

8.      At least a substantial portion of the claims alleged in this Complaint arise in the State of New York and the Southern District of New York.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this Complaint occurred in this judicial district.

## PARTIES

10.     Plaintiff Empress, Inc. is a Delaware corporation with an office at 8828 N. Stemmons Freeway #118, Dallas, TX 75247.

11.     Plaintiff Empress Hair Care Products, Ltd. is a limited partnership with a principle place of business at 8828 N. Stemmons Freeway #118, Dallas, TX 75247.

12.     Defendant Sean John Fragrances, Dist., upon information and belief, is a company with offices at 1710 Broadway Avenue, New York, New York 10019

13.     Defendant Christian Casey LLC is a corporation with offices at 1710 Broadway Avenue, New York, New York 10019.

14.     Defendant M.A.C. Cosmetics Inc. is a corporation with an office at 130 Prince Street, New York, New York 10012.

15.     Defendant Estee Lauder Companies Inc., is a corporation with offices at 767 Fifth Avenue, New York, New York 10153.

## BACKGROUND

### History of Empress, Inc.

16.     Colberts Inc. ("Colberts") was a third generation family owned and operated business that was founded by Harry Greenberg in 1948.   His son Jack Greenberg worked for Colberts Inc. and his sons, David and Mark Greenberg, managed the company until 2003 when it closed.

17.     Colberts began as a retail business, that prided itself on service and selection, in 1948 in Dallas, Texas, and eventually grew into a chain, with stores in Mississippi, Georgia, Tennessee, New Mexico and throughout Texas.

18.     Colbert's management founded the Empress Hair care division (hereinafter "Empress") in 2002 as a way to expand the company.

19.     A renowned chemist was hired to develop a line of high quality hair care products that would serve the needs of hair care consumers.

20.     Empress is committed to selling the highest quality hair care products, including Hair Growth Solution, Nurturing Shampoos & Conditioners, Scalp Moisturizers, Hair Strengthening Creams, Relaxers and Thickening Hair products (collectively "The Empress Line").

21.     The Empress Line has been available in various retail locations since its creation in 2002, including most Colberts locations until Colberts closed in 2003.

22.     Empress has become a world recognized company that offers hair care products and delivers salon-quality results with at home convenience.

23.     Each year Empress spends a considerable amount of time, money and resources marketing and advertising The Empress Line to cultivate the extensive goodwill it has developed with its customers.

24.     Today, The Empress Line can be found in over 6000 stores nationwide and is also available in markets outside the United States.

### Empress' Federally Registered Mark

25.     The mark, EMPRESS, is registered as U.S. Trademark Registration No. 2,727,893, covering hair care products, in International Class 3.   (A copy of the registration certificate is attached as Exhibit A.)

26.     Empress Hair Care Products, Ltd. is the owner, by assignment, and has all rights to enforce U.S. Trademark Registration No. 2,727,893, for the EMPRESS mark.

27.     Empress Hair Care Products, Ltd. is the owner, by assignment, and has all rights to enforce Canadian Trademark Registration No. TMA635527.

1583331_1.doc                                  5

28.     Empress Hair Care Products, Ltd. is the owner, and has all rights to enforce, European Registered Application No. 002820983.

29.     Over the years of its use, Empress has used its EMPRESS mark to refer to its goods and prominently displays the valuable EMPRESS trademark in its advertising and on product packaging for The Empress Line in bold type, block letter font, for example, as follows:







30.    The EMPRESS mark has become well known and has established substantial goodwill through its widespread use in connection with The Empress Line.

31.    The EMPRESS mark is in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065, establishing that Empress has the sole and exclusive right to use the EMPRESS mark in connection with hair care products, such as The Empress Line, for which the mark is registered.

32.    The Defendants have no association, affiliation, sponsorship, or any other connection to Empress.

## The Defendants' Wrongful Conduct

33.    Upon information and belief, one or more of the Defendants created the idea to market and sell a fragrance and lotion for women, to be named "Empress."

34.    Upon information and belief, on or around January 2010, one or more of the Defendants conducted a trademark search for the mark EMPRESS.

35.    Upon information and belief, one or more of the Defendants learned of the EMPRESS mark in U.S. Trademark Registration No. 2,727,893, owned by Empress, through the search.

36.    Upon information and belief, even though Defendants knew about the EMPRESS mark, on January 8, 2010, 1156662 Fragrances, Inc., on behalf of one or more of the Defendants, filed an application for the mark EMPRESS (Serial No. 77/907,894), in International Class 3 with the goods listed as:  Cologne; Eau de toilette; Fragrances for personal use; Perfumery; Scented body lotions and creams; Scented body spray.

37.     On or about February 5, 2010, a trademark attorney acting on behalf of one or more of the Defendants contacted Empress, owner of the EMPRESS mark in U.S. Registration No. 2,727,893 to inquire about the possibilities of Defendants using the trademark, offering to pay Empress for such right.

38.     Empress communicated that it was not interested in a coexistence agreement.

39.     Even though Empress would not give Defendants the right to use the EMPRESS trademark, on or about February 12, 2010, one or more of the Defendants filed a second trademark application for the mark EMPRESS SEAN JOHN (Serial No. 77/935,179) in International Class 3 with the goods listed as: Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

40.     In connection with the EMPRESS application (Serial No. 77/907,894), on or about March 21, 2010, the Trademark Office mailed a first Office Action and the Examiner refused registration because of a likelihood of confusion with the mark in U.S. Registration No. 2,727,893 for EMPRESS, which is owned by Empress. (A copy of the Office Action is contained in Exhibit B.)

41.     In connection with the EMPRESS SEAN JOHN application (Serial No. 77/935,179), on or about May 14, 2010, the Trademark Office mailed a first Office Action, and a different Examiner refused registration because of a likelihood of confusion with the mark in U.S. Registration No. 2,727,893 for EMPRESS, which is owned by Empress. (A copy of the Office Action is contained in Exhibit C.)

42.    Upon information and belief, one or more of the Defendants allowed the EMPRESS mark (Serial No. 77/907,894) to become abandoned on or about September 22, 2010, because Empress would not enter into a coexistence agreement.

43.    In response to the refusal of the application for EMPRESS SEAN JOHN (Serial No. 77/935,179), instead of allowing the application to also become abandoned, Defendants attempted to argue with the Examiner that no confusion would occur.

44.    However, after the Examining Attorney considered Defendants' arguments, the Examining Attorney maintained the refusal with respect to the likelihood of confusion with U.S. Registration No. 2,727,893 for EMPRESS, thus rejecting the Defendants' application to use the mark for a second time.

45.    For other reasons unrelated to Empress, a Notice of Suspension was issued pending the disposition of Application No. 77/725,216.   (A copy of the Notice of Suspension, which includes the Examiner's refusal based on likelihood of confusion, is contained in Exhibit D.)

46.    On or about July 18, 2011, the Trademark Office lifted the suspension and mailed a second Office Action, which again refused registration of EMPRESS SEAN JOHN because of a likelihood of confusion with the mark in U.S. Registration No. 2,727,893 for EMPRESS, thus rejecting Defendants' trademark application for the third time.  (A copy of the Office Action is contained in Exhibit E.)

47.    On or around August 2011, after essentially striking out at the United States Trademark Office by its having rejected Defendants' application three times, and despite

Empress' refusal to give Defendants permission to use the mark, Defendants launched a perfume and lotion under the name EMPRESS SEAN JOHN.

48.    The EMPRESS SEAN JOHN perfume and lotion was and is currently marketed to the same target consumer as The Empress Line.

49.    The Defendant's adopted and continue to use the mark EMPRESS in bold type, block letter font as pictured below, further increasing the likelihood of confusion.



50.    A comparison of the EMPRESS SEAN JOHN mark with the EMPRESS mark demonstrates the similarity between the marks because Defendants' mark merely adds its house mark to the Registered EMPRESS mark and uses the same or similar bold type, block letter font.

51.     A comparison showing the similarity of the EMPRESS mark is shown below.



52.     Upon information and belief, the Defendants knowingly and willfully created confusion and damage to Empress' goodwill and reputation.

53.     Not surprisingly, due to the confusing similarity of the marks, Empress received inquiries from customers about the EMPRESS SEAN JOHN perfume who were confused and surprised as to who was selling the products under the EMPRESS trademark.

54.     Such actual confusion and consternation among the relevant public has damaged, and unless restrained, will continue to damage Empress' goodwill and hard-earned reputation.

55.     Defendants' unauthorized use of the EMPRESS mark in promotion and sale of the EMPRESS SEAN JOHN perfume and lotion has caused Empress financial harm.

56.     Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which it is not entitled and has caused EMPRESS to lose sales, and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF

### (Infringement Of Federally Registered Mark Pursuant To 15 U.S.C. § 1114(1))

57.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

58.     The EMPRESS mark is Registered in U.S. Registration No. 2,727,893 and Empress has all rights to enforce the EMPRESS mark.

59.     Subsequent to Empress' adoption, use and registration of its EMPRESS mark, Defendants used EMPRESS SEAN JOHN for identical or similar goods, which is likely to confuse customers as to the origin, source, sponsorship or approval of its goods.

60.     Defendants have continued to use the confusingly similar mark in commerce in connection with offering goods to consumers that are identical or similar to the goods offered by Empress, and in geographic areas where Empress advertises and offers it goods.

61.     Defendants knowingly and willfully used a confusingly similar mark to confuse consumers as to the origin, source, sponsorship or approval of its goods.

62.     Defendants adopted and used a mark that was and is confusingly similar to the EMPRESS mark with knowledge of Empress' rightful ownership of the EMPRESS mark and with knowledge of the renown and goodwill of the EMPRESS mark.

63.     Defendants' unauthorized use of the mark that is confusingly similar to the EMPRESS mark has caused and is likely to continue to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's goods.

64.     Defendant's unauthorized use of the mark that is confusingly similar to the EMPRESS mark has deceived and is likely to continue to deceive consumers that Defendant's goods originate with Empress, are licensed by Empress, or are sponsored by, connected with or otherwise related to Empress.

65.     Defendants continue to use the mark that is confusingly similar to the EMPRESS mark despite its having actual notice that such use violates Empress' rights.

66.     Defendants' acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

67.     The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Empress.

68.     The aforesaid conduct of the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

69.     Empress has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition Under Federal Law Pursuant To 15 U.S.C. § 1125(a))**

70.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

71.     On information and belief, Defendants sold and continues to sell perfume and lotion using a mark that is confusingly similar to the EMPRESS mark and which Defendants knew and have known include the federally registered mark of Empress.

72.     Defendants' use of the mark that is confusingly similar to the EMPRESS mark in connection with offering its goods constitutes a false designation of origin and false description or representation which tends to falsely describe and represent its goods as originating from Empress or are in some way sponsored, authorized or approved by Empress.

73.     Defendants' false designation of origin and false misrepresentation constitutes acts of unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

74.     The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Empress.

75.     The aforesaid conduct of the Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

76.     Empress has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

77.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein.

78.     The aforesaid acts of Defendants in using a mark that is confusingly similar to the EMPRESS mark, constitute unfair competition in that Defendant misappropriated Empress' goodwill and the benefit of Empress' expenditures.

79.     The aforesaid acts of the Defendants were committed willfully, knowingly, maliciously, and/or in conscious disregard its legal obligations to Empress.

80.     The aforesaid conduct of the Defendants has caused, and unless restrained by this Court will continue to cause, immediate, great and irreparable injury to Empress' property and business.

81.     Empress has no adequate remedy at law.

## FOURTH COUNT

### (Unfair Competition Under New York State Law)

82.     Empress repeats and makes a part hereof the preceding allegations as if each were more fully set forth at length herein

83.     By using a mark that is confusingly similar to the EMPRESS mark in connection with the offering of its EMPRESS SEAN JOHN perfume and lotion constitutes unfair competition under New York State law and arises under New York General Business Law § 349.

84.     The Defendants' aforesaid activities constitute deceptive acts or practices in the conduct of business, trade, or commerce or in the furnishing of services in the State of New York in violation of New York General Business Law § 349.

85.     The Defendants' aforesaid conduct is unlawful and constitutes unfair competition in that they are likely to mislead the trade and public into believing that goods sold under EMPRESS SEAN JOHN originate from Empress or are in some way sponsored, authorized or approved by EMPRESS, thereby injuring Empress' reputation and goodwill.

86.   The Defendants' acts of unfair competition have caused Empress to sustain monetary damage, loss, and injury.

87.   The Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Empress to sustain irreparable damage, loss, and injury.

88.   Empress has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, for:

A.     A suspension of Trademark Application No. 77/935,179 for the mark EMPRESS SEAN JOHN pending the disposition of this proceeding;

B.     A preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, from:

1. Using, reproducing, advertising or promoting marks that are confusingly similar to the EMPRESS mark or which are a colorable imitation of the EMPRESS mark in connection with the offer or sale of any goods or commercial activities;

2. Using, reproducing, advertising or promoting any mark or name which may be calculated to represent or which has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by or are in some way associated with Empress;

3. Using, reproducing, advertising or promoting, in connection with any product or service, any name or mark that is confusingly similar to the EMPRESS mark;

4. Injuring the commercial reputation, renown and goodwill of Empress or the EMPRESS mark;

5. Using or reproducing any word, term, name, symbol or device, or any combination thereof, on any product, that confuses or falsely represents or misleads, is calculated to confuse, falsely represent or mislead, or which has the effect of confusing, falsely representing or misleading, that the products of defendant or another are in some way connected with Empress, or is sponsored, approved or licensed by Empress;

6. Otherwise unfairly competing with Empress;

C.      An order pursuant to 15 U.S.C. § 1118, requiring that Defendants deliver for destruction or disposal any and all materials which feature or use marks that are confusingly similar to the EMPRESS mark, in any way;

D.      An award of damages to Empress, pursuant to 15 U.S.C. § 1117(a), of up to three times the damages suffered by Empress, and three times the profits earned by the Defendants;

E.      An accounting by Defendants to Empress for all profits realized in connection with its infringing activities and an award in such amount to Empress;

F.      Disgorgement of all proceeds and restitution of all monies wrongfully received and held by Defendants;

G.      An award to Empress of compensatory, consequential and incidental damages;

H.      An award of enhanced, increased, exemplary, punitive and/or treble damages;

I.      An award to Empress of its reasonable attorneys' fees and the costs of this action;

J.      Prejudgment and postjudgment interest on the above monetary awards; and

K.      Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury of twelve on all issues so triable.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Empress, Inc. and Empress Hair Care Products, Ltd.*

Dated:  01. 17. 2012

By: _____
Orville R. Cockings
Tel:  908.654.5000
Fax:  908.654.7866
E-mail:  ocockings@ldlkm.com
        litigation@ldlkm.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, plaintiffs Empress, Inc. and Empress Hair Care Products, Ltd. are not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Empress, Inc. and Empress Hair Care Products, Ltd.*

Dated: 01/17/2012

By: _____
       Orville R. Cockings
       Tel:      908.654.5000
       E-mail: ocockings@ldlkm.com
                 litigation@ldlkm.com

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

Reg. No. 2,727,893

United States Patent and Trademark Office

Registered June 17, 2003

## TRADEMARK
## PRINCIPAL REGISTER

## EMPRESS

COLBERTS, INC. (TEXAS CORPORATION)
1295 MAJESTY DRIVE
DALLAS, TX 75247

FOR: HAIR CARE PREPARATIONS, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-10-2002; IN COMMERCE 1-10-2002.

SN 76-278,638, FILED 6-29-2001.

JENNIFER CHICOSKI, EXAMINING ATTORNEY

# EXHIBIT B

| | |
|---|---|
| To: | 1156662 Fragrances, Inc. (annajakobsson@mac.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 77907894 - EMPRESS - N/A |
| Sent: | 3/21/2010 1:29:01 PM |
| Sent As: | ECOM111@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:       77/907894

MARK: EMPRESS

CORRESPONDENT ADDRESS:
   ANNA JAKOBSSON
   PO BOX 7792
   NEW YORK, NY 10150-7792

# *77907894*

RESPOND TO THIS ACTION:
http://www.uspto.gov/teas/eTEASpageD.htm

GENERAL TRADEMARK INFORMATION:
http://www.uspto.gov/main/trademarks.htm

APPLICANT:       1156662 Fragrances, Inc.

CORRESPONDENT'S REFERENCE/DOCKET
NO:
   N/A
CORRESPONDENT E-MAIL ADDRESS:
   annajakobsson@mac.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

ISSUE/MAILING DATE: 3/21/2010

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:
Applicants who filed their application online using the reduced-fee TEAS Plus application must continue
to submit certain documents online using TEAS, including responses to Office actions.  For a complete
list of these documents, see TMEP §819.02(b).  In addition, such applicants must accept correspondence
from the Office via e-mail throughout the examination process and must maintain a valid e-mail address.

37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a).  TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services.  37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04.  Responding by telephone to authorize an examiner's amendment will not incur this additional fee.

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62, 2.65(a); TMEP §§711, 718.03.

Prior Pending Application

Information regarding pending Application Serial No. 77725216 is enclosed.  The filing date of the referenced application precedes applicant's filing date.  There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  If the referenced application registers, registration may be refused in this case under Section 2(d).  37 C.F.R. §2.83; TMEP §§1208 *et seq*.  Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed application.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action.  The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

Registration Refused-Likelihood of Confusion

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2727893 as to be likely to cause confusion, to cause mistake, or to deceive.  TMEP section 1207.  See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis.  The marks are compared for similarities in their appearance, sound, connotation and commercial impression.  TMEP §§1207.01, 1207.01(b).  The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels.  *See Herbko Int'l, Inc. v. Kappa Books, Inc.* , 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

The applicant applied to register EMPRESS for "Cologne; Eau de toilette; Fragrances for personal use; Perfumery; Scented body lotions and creams; Scented body spray."

The registered mark is EMPRESS for "hair care preparations."

The marks are identical in sound, appearance, and meaning because both marks are comprised of the same wording: EMPRESS.

Both marks are used to identify personal body care/cosmetics products.  The same consumers will be exposed to the goods/services identified with both marks because both are similar, and likely to travel through the same channels of trade to the same classes of purchasers.  For example, both would likely be

sold at spa/salon specialty stores or similar sections of pharmacies.

The similarities among the marks and the goods/services of the parties are so great as to create a likelihood of confusion. The examining attorney must resolve any doubt as to the issue or likelihood of confusion in favor of the registrant and against the applicant who has a legal duty to select a mark which is totally dissimilar to trademarks already being used. *Burroughs Wellcome Co. v. Warner-Lamber Co.*, 203 USPQ 191 (TTAB 1979).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

/James Ringle/
Trademark Attorney
Law Office 111
571-272-9393
jim.ringle@uspto.gov

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

# EXHIBIT C

| To: | Christian Casey LLC (uspto@estee.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| Sent: | 5/14/2010 11:33:14 AM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | Attachment - 1 |

Attachment - 2
Attachment - 3
Attachment - 4
Attachment - 5
Attachment - 6
Attachment - 7
Attachment - 8
Attachment - 9
Attachment - 10
Attachment - 11
Attachment - 12
Attachment - 13
Attachment - 14
Attachment - 15
Attachment - 16
Attachment - 17
Attachment - 18
Attachment - 19
Attachment - 20
Attachment - 21
Attachment - 22
Attachment - 23
Attachment - 24
Attachment - 25
Attachment - 26
Attachment - 27
Attachment - 28
Attachment - 29
Attachment - 30
Attachment - 31
Attachment - 32
Attachment - 33
Attachment - 34

Attachment - 35

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:      77/935179

MARK: EMPRESS SEAN JOHN

# *77935179*

CORRESPONDENT ADDRESS:
  LESLEY A MORADIAN
  THE ESTEE LAUDER COMPANIES INC.
  767 5TH AVE FL 36
  NEW YORK, NY 10153-0003

RESPOND TO THIS ACTION:
http://www.uspto.gov/teas/eTEASpageD.htm

GENERAL TRADEMARK INFORMATION:
http://www.uspto.gov/main/trademarks.htm

APPLICANT:      Christian Casey LLC

CORRESPONDENT'S REFERENCE/DOCKET NO:
  N/A

CORRESPONDENT E-MAIL ADDRESS:
  uspto@estee.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

ISSUE/MAILING DATE: 5/14/2010

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

### SEARCH OF OFFICE'S DATABASE OF MARKS

### SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d). *See* TMEP

§1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.* , 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Rest. Enters., Inc.*, 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 *et seq.*

## COMPARISON OF MARKS

The applicant's mark, EMPRESS SEAN JOHN, is highly similar to the registered mark, EMPRESS. The applicant merely adds it mark to the applicants mark.

The mere addition of a term to a registered mark generally does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Trademark Act Section 2(d). *See In re Chatam Int'l Inc.* , 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) (GASPAR'S ALE and JOSE GASPAR GOLD); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) (BENGAL and BENGAL LANCER); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) (THE LILLY and LILLI ANN); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002 (TTAB 1988) (MACHO and MACHO COMBOS); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re U.S. Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (CAREER IMAGE and CREST CAREER IMAGES); *In re Riddle*, 225 USPQ 630 (TTAB 1985) (ACCUTUNE and RICHARD PETTY'S ACCU TUNE); *In re Cosvetic Labs., Inc.*, 202 USPQ 842 (TTAB 1979) (HEAD START and HEAD START COSVETIC); TMEP §1207.01(b)(iii).

Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Mattel Inc. v. Funline Merch. Co.*, 81 USPQ2d 1372, 1374-75 (TTAB 2006); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods and/or services they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.3d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, it is sufficient that the goods and/or services are related in

some manner and/or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.* , 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

The applicant's goods are: Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

The registrant's goods are: hair care preparations.

Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely hair care preparations and perfumery and fragrances, are of a kind that may emanate from a single source. *In re Infinity Broad. Corp. of Dallas*, 60 USPQ2d 1214, 1217-18 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1025 (Fed. Cir. 1988).

Since the marks are so similar and the goods are nearly identical, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source. Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## PRIOR PENDING APPLICATIONS

The filing dates of pending Application Serial Nos. 77725216, 77907894 precede applicant's filing date. See attached referenced applications. If one or more of the marks in the referenced applications register, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq*. Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced applications.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the marks in the referenced applications. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this

issue later if a refusal under Section 2(d) issues.

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:
Applicants who filed their application online using the reduced-fee TEAS Plus application must continue
to submit certain documents online using TEAS, including responses to Office actions. For a complete
list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence
from the Office via e-mail throughout the examination process and must maintain a valid e-mail address.
37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these
requirements must submit an additional fee of $50 per international class of goods and/or services. 37
C.F.R. §2.6(a)(1)(iv); TMEP §819.04. Responding by telephone to authorize an examiner's amendment
will not incur this additional fee.

If applicant has questions about the application or this Office action, please contact the assigned trademark
examining attorney at the telephone number below.

/ScottBibb/
Scott K. Bibb
Trademark Examining Attorney
Law Office 109
Ph- (571) 272-5669
F- (571) 273-9109

RESPOND TO THIS ACTION: Applicant should file a response to this Office action online using the
form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received
notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail
TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining
attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed
responses.**

If responding by paper mail, please include the following information: the application serial number, the
mark, the filing date and the name, title/position, telephone number and e-mail address of the person
signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451,
Alexandria, VA 22313-1451.

STATUS CHECK: Check the status of the application at least once every six months from the initial
filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system
at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the
complete TARR screen. If the status of your application has not changed for more than six months, please
contact the assigned examining attorney.

# EXHIBIT D

| To: | Christian Casey LLC (uspto@estee.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| Sent: | 12/14/2010 9:54:35 AM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

APPLICATION SERIAL NO.    77935179

MARK: EMPRESS SEAN JOHN                    **\*77935179\***

CORRESPONDENT ADDRESS:
  LESLEY A MORADIAN
  THE ESTEE LAUDER COMPANIES INC.
  767 5TH AVE FL 36
  NEW YORK, NY 10153-0003

GENERAL TRADEMARK INFORMATION:
http://www.uspto.gov/main/trademarks.htm

APPLICANT:    Christian Casey LLC

CORRESPONDENT'S REFERENCE/DOCKET NO:
  N/A
CORRESPONDENT E-MAIL ADDRESS:
  uspto@estee.com

## NOTICE OF SUSPENSION

ISSUE/MAILING DATE: 12/14/2010

Application Serial No. 77907894 has abandoned and is no longer a bar to registration.

SUSPENSION PROCEDURE: This suspension notice serves to suspend action on the application for the reason(s) specified below.  No response is needed.  However, if you wish to respond to this notice, you should use the "Response to Letter of Suspension" form found at  http://teasroa.uspto.gov/rsi/rsi.  The Office will conduct periodic status checks to determine if suspension remains appropriate.

Action on this application is suspended pending the disposition of:

- Application Serial No(s). 77725216

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) was sent previously.

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

The following refusal(s)/requirement(s) is/are continued and maintained:

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the previously enclosed registration.

/ScottBibb/
Scott K. Bibb
Trademark Examining Attorney
Law Office 109
Ph- (571) 272-5669
F- (571) 273-9109

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

| | |
|---|---|
| To: | Christian Casey LLC (uspto@estee.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A |
| Sent: | 12/14/2010 9:54:37 AM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

### USPTO LETTER (AN OFFICE ACTION) HAS ISSUED ON 12/14/2010 FOR SERIAL NO. 77935179

Please follow the instructions below:

TO READ OFFICE LETTER: Click on this link or go to http://portal.uspto.gov/external/portal/tow and enter the application serial number to access the Office letter

PLEASE NOTE: The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

HELP: For *technical* assistance in accessing the Office correspondence, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office letter.

# EXHIBIT E

**To:**  Christian Casey LLC (uspto@estee.com)

**Subject:**  U.S. TRADEMARK APPLICATION NO. 77935179 - EMPRESS SEAN JOHN - N/A

**Sent:**  7/18/2011 7:40:41 AM

**Sent As:**  ECOM109@USPTO.GOV

**Attachments:**  Attachment - 1
Attachment - 2
Attachment - 3
Attachment - 4
Attachment - 5
Attachment - 6
Attachment - 7
Attachment - 8
Attachment - 9
Attachment - 10
Attachment - 11
Attachment - 12
Attachment - 13
Attachment - 14
Attachment - 15
Attachment - 16
Attachment - 17
Attachment - 18
Attachment - 19
Attachment - 20
Attachment - 21
Attachment - 22
Attachment - 23
Attachment - 24
Attachment - 25
Attachment - 26
Attachment - 27
Attachment - 28
Attachment - 29
Attachment - 30
Attachment - 31
Attachment - 32
Attachment - 33
Attachment - 34

Attachment - 35
Attachment - 36
Attachment - 37
Attachment - 38
Attachment - 39
Attachment - 40
Attachment - 41

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

APPLICATION SERIAL NO.      77935179

MARK: EMPRESS SEAN JOHN

**\*77935179\***

CORRESPONDENT ADDRESS:
LESLEY A MORADIAN
THE ESTEE LAUDER COMPANIES INC.
767 5TH AVE FL 36
NEW YORK, NY 10153-0003

CLICK HERE TO RESPOND TO THIS LETTER:
http://www.uspto.gov/trademarks/teas/response_forms.jsp

APPLICANT:      Christian Casey LLC

CORRESPONDENT'S REFERENCE/DOCKET NO:
N/A
CORRESPONDENT E-MAIL ADDRESS:
uspto@estee.com

## OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER  WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE BELOW.

ISSUE/MAILING DATE: 7/18/2011

**TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:** Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions. *See* 37 C.F.R. §2.23(a)(1). For a complete list of these documents, see TMEP §819.02(b). In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a). TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services. 37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04. In appropriate situations and where

all issues can be resolved by amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §2.191; TMEP §§709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06.

On 12/14/2010, action on this application was suspended pending the disposition of Application Serial No. 76278638. The referenced prior-pending application has since registered. Therefore, registration is refused as follows.

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SEARCH OF OFFICE'S DATABASE OF MARKS

### SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d). *See* TMEP §1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity of the goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Rest. Enters., Inc.*, 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 *et seq.*

## COMPARISON OF MARKS

The applicant's mark, EMPRESS SEAN JOHN is highly similar to the registered mark, EMPRESS. The applicant merely adds its house mark to the registrant's mark.

When marks are otherwise virtually the same, the addition of a house mark is more likely to add to the likelihood of confusion than to distinguish the marks; it is likely that the two products sold under such marks would be attributed to the same source. *In re Dennison Mfg. Co.*, 229 USPQ 141, 144 (TTAB

1986) (holding GLUE STIC for general purpose adhesive in stick form likely to be confused with UHU GLU STIC for adhesives for paper and stationery); *Key West Fragrance & Cosmetic Factory, Inc. v. Mennen Co.*, 216 USPQ 168, 170 (TTAB 1982) (holding SKIN SAVERS for face and throat lotion likely to be confused with MENNEN SKIN SAVER for hand and body lotion); *see Hammermill Paper Co. v. Gulf States Paper Corp.*, 337 F.2d 662, 663, 143 USPQ 237, 238 (C.C.P.A. 1964) (holding HAMMERMILL E-Z CARRY PAK and E-Z PAPER PAK for carrying cases or boxes for typewriter or duplicator paper likely to be confused with E-Z PAK and E-Z CARI for paper bags); TMEP §1207.01(b)(iii).

Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *see also Mattel Inc. v. Funline Merch. Co.*, 81 USPQ2d 1372, 1374-75 (TTAB 2006); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods and/or services they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton,* 214 F.3d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, it is sufficient that the goods and/or services are related in some manner and/or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.* , 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984),

The applicant's goods are: Cologne; Eau de toilette; Fragrances for personal use; Perfumery.

The registrant's goods are: hair care preparations.

The trademark examining attorney has attached evidence from the USPTO's X-Search database consisting of a number of third-party marks registered for use in connection with the same or similar goods and/or services as those of both applicant and registrant in this case. This evidence shows that the goods and/or services listed therein, namely hair care preparations and (Cologne; Eau de toilette; Fragrances for personal use; Perfumery), are of a kind that may emanate from a single source under a single mark. *See In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1203 (TTAB 2009); *In re Albert Trostel*

& Sons Co., 29 USPQ2d 1783, 1785-86 (TTAB 1993); In re Mucky Duck Mustard Co., 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

Since the marks are so similar and the goods are identical, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source. Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

The following refusal(s)/requirement(s) is/are continued and maintained:

<u>SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION</u>

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2727893. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the previously enclosed registration.

> /ScottBibb/
> Scott K. Bibb
> Trademark Examining Attorney
> Law Office 109
> Ph- (571) 272-5669
> F- (571) 273-9109
> scott.bibb@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.

All informal e-mail communications relevant to this application will be placed in the official application record.

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-

9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.